UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| MICHAEL S. CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-324-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. CATRON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael S. Chaney, an individual presently confined at the United States Prison-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* complaint which the Court construes as falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] The plaintiff also has filed a motion to proceed *in forma pauperis* [Record No. 2] which the Court will address by separate order. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

---

[1] To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff has filed a pre-printed *Bivens* complaint form on which he has handwritten his responses to the questions. He has also attached to the pre-printed complaint five pages of handwritten supplemental information. [Record No. 1] The plaintiff alleges that Defendant J. Catron, a case worker at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), improperly altered his custody points without due process and caused him to be transferred to USP-McCreary – a higher security prison. Plaintiff claims that his security level did not justify incarceration at a maximum security level prison. He also claims that Defendant Parker, the Unit Manager of FCI-Manchester, improperly authorized his transfer to USP-McCreary. Broadly construed, these claims would fall under the Due Process Clause of the Fifth Amendment of the United States Constitution.

Plaintiff also alleges that, because he is now confined in a higher security prison, Catron, Parker and Barrone have endangered his life. Construed broadly, this claim would fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

The plaintiff asserts similar Fifth and Eighth Amendment claims relating to his security classification and transfer against the named defendants who are employed at USP-McCreary: (1) Beverly Borrone (USP-McCreary Unit Manager); (2) USP-McCreary counselor Keith Straub; (3) USP-McCreary special investigator James Huff; and (4) USP-McCreary Warden Charles Stein. The plaintiff alleges that the USP-McCreary defendants failed to protect his physical

safety by failing to remove him (plaintiff) from the general population and by ignoring an alleged death threat made by another inmate, Melvin Smith, on August 27, 2004. The plaintiff alleges that Borrone, Straub and Huff were actively involved in the decision to keep him confined in the general population of USP-McCreary. Construing the complaint liberally, the plaintiff alleges that Warden Stein is liable to him under a *respondeat superior* theory.

## DEFENDANTS

As noted above, the plaintiff names the following defendants in this action: (1) J. Catron, Case Worker, FCI-Manchester; (2) Mr. Parker, Unit Manager, FCI-Manchester; (3) Beverly Borrone, Unit Manager, USP- McCreary; (4) Keith Straub, Counselor, USP- McCreary; (5) James Huff, Special Investigator, USP- McCreary; and (6) Charles Stein, whom the plaintiff identifies as "Mr." Stein, Warden, USP- McCreary. However, he does not specify whether he is asserting claims against the defendants in their official or individual capacities.

## RELIEF REQUESTED

The plaintiff seeks the appointment of counsel; $500,000.00 in damages from the each of the defendants to compensate him for lost wages and emotional distress. He also seeks to recover punitive damages.

## DISCUSSION

### 1. Official Capacity *Bivens* Claims

Although the plaintiff has not specified whether he was asserting his Fifth and Eighth Amendment constitutional claims against the named individual defendants in their official or individual capacities, any construed claims against these defendants in their official capacities would fail to state a claim upon which relief could be granted. A *Bivens* claim is only properly

asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States. However, such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

In summary, because the only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's *individual* capacity, the plaintiff has failed to state even a construed claim upon which relief can be based against these defendants in their *official* capacities. The Court dismisses, with prejudice, the plaintiff's Fifth and Eighth Amendment constitutional claims against the named defendants in their *official* capacities.

## 2. Individual Capacity *Bivens* Claims

In addition to the foregoing, the plaintiff's Fifth and Eighth Amendment claims against the individual defendants employed at USP-McCreary are deficient. The plaintiff has failed to demonstrate that he exhausted any of the necessary steps in the Bureau of Prisons ("BOP")

administrative process with regard to either of these constitutional claims against the named defendants.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions (this includes any other incident to prison life, such as excessive force) to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (Not selected for publication in Federal Reporter) (inmate was required to exhaust administrative remedies before bringing suit under *Bivens* based on inadequate conditions of confinement).

Since April 26, 1996, the effective date of the PLRA, 42 U.S.C. §1997e(a), has provided that:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This Court has held that in order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Jones v. Bock*, 2005 WL 1400205, *1 (6th Cir.(Mich. June 15, 2005)(Not selected for publication in the Federal Reporter). "Pursuant to this circuit's opinion in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir.2005), it is now clear that total exhaustion all of claims is required in order for a prisoner to bring a civil rights action in this court." *Williams v. Overton*, 2005 WL 1513102, *3 (6th Cir.(Mich.) June 22, 2005) (Despite Williams'

exhaustion of an accommodation claim, *Jones Bey* required dismissal of the entire action due to Williams' failure to exhaust his medical claims).

The Sixth Circuit has also held that it is contrary to Congressional intent, in enacting the PLRA, to allow inmates to bypass the exhaustion requirement by waiting until their administrative remedies are time-barred. *Wright v. Morris*, 111 F.3d 414 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997).[2] Unless the record demonstrates that the requirements of §1997e(a) have been met, the District Court is to dismiss without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.*

The instant plaintiff does not indicate, or even remotely suggest, that he pursued the various steps required within the BOP administrative remedy procedure. He certainly provided the Court with no documentary evidence of his efforts, such as copies of BP-8's, BP-9's, BP-10's and BP-11's asserting his Fifth and Eighth Amendment claims, and/or the denials or responses from any BOP administrative level. The plaintiff alleged only in his complaint that because he was "sent out on a federal writ," he believed that he might be "adversely affected by submission of this request at the institutional level." [Complaint Form, § II (B)(3)][3]

---

[2]   Exhaustion is not merely to provide a record for the ease of the court. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id*. at 205.

[3]   The plaintiff offers no further details as to this statement. The Court assumes, but cannot state for certain, that the plaintiff was temporarily transferred out of USP-McCreary pursuant to a writ of *habeas corpus prosequendum*. This writ is used in criminal cases to bring before a court a prisoner to be tried

The United States Supreme Court issued an opinion three years ago clearly mandating that exhaustion of administrative remedies is required for *all* prisoner suits. The Supreme Court specifically stated that:

> Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *See* [*Booth v. Churner*,] 532 U.S. 731, 41, 121 S. Ct. 1819. And unlike the previous provision, which encompassed only §1983 suits, exhaustion is now required for all "action[s]. . . brought with respect to prison conditions," whether under §1983 or "any other federal law.". . . *Thus, federal prisoners suing under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 91971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a §1983 suit.*

*Porter v. Nussle*, 534 U.S. at 524 (emphasis added); *see also Garfield v. Federal Prison Industries*, 3 Fed. Appx. 292, 2001 WL 921137 (6th Cir. (Ohio) January 26, 2001) (Not recommended for full-text publication) (Pursuant to 42 U.S.C. §1997e(a), a prisoner must exhaust all of his available administrative remedies, *even in money damage cases*, before filing a civil rights action in federal court; the §1997e exhaustion requirement applies to *Bivens* actions brought by federal prisoners, even if they seek both equitable and monetary relief) (emphasis added).

Accordingly, the plaintiff's Fifth and Eighth Amendment claims against defendants in their *individual* capacities are dismissed without prejudice to the plaintiff fully and completely exhausting those claims through the BOP administrative remedy process.

## C. Emotional Distress Claims

The plaintiff's demand for damages resulting from emotional distress must be dismissed for failure to state a claim. Plaintiff alleges that as a result of his transfer to USP-McCreary and

---

on charges other than those for which the prisoner is currently being confined. *Black's Law Dictionary*, Seventh Edition, p. 715.

his confinement in the general population there, he has suffered emotional distress and is entitled to monetary damages. Such a claim is not actionable because under the PLRA, an inmate may not bring a civil action for emotional or mental damages without a prior showing of a physical injury. 28 U.S.C. §1997e(e); *Mitchell v. Horn*, 318 F.3d 523 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury as a result of conditions of confinement was required to show a prior physical injury which is more than a *de minimis*, but less than a significant injury); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001). The plaintiff has not alleged that his emotional distress was the result of any form of physical injury or contact at the hands of the named defendants, or any other person, and therefore his claims of emotional distress are not compensable.

### D.  No Liberty Interest in Prison Classification or Placement

Even if the plaintiff had administratively exhausted his claims, they would be dismissed on the merits. Pursuant to well-established law, classification of security, transfers and prison assignments are functions wholly within the discretion of the Bureau of Prisons. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, *reh'g denied*, 429 U.S. 873 (1976). Federal inmates do not have a liberty interest in either remaining free from discretionary transfers to less agreeable prisons or in seeking a transfer to a facility more desirable to them. *Meachum*, 427 U.S. 215. *See also Montanye v. Haymes*, 427 U.S. 236 (1976); *Grayson v. Rison*, 945 F.2d 1064 (9th Cir. 1991); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986); *Leibowitz v. United States*, 729 F.Supp. 556 (E.D. MI 1989), *aff'd without opinion*, 914 F.2d 256 (6th Cir. 1990), *cert. denied*, 499 U.S. 963 (1991); *Olim v. Wakinekona, supra*.

Congress has given the BOP full discretion to control the conditions of confinement, and prisoners have no constitutional entitlement to invoke due process claims. 18 U.S.C. §4081; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.),

-8-

*cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification).  Prisoners have no entitlement protected by due process to a particular security classification or to be incarcerated in a particular facility.  *See Moody v. Daggett*, 429 U.S. at 88 n.9; *Meachum v. Fano*, 427 U.S. at 224.  Therefore, his claims will be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, it is

**ORDERED** that this action is **DISMISSED**, with prejudice.  Further, the plaintiff's motion for appointment of counsel is **DENIED** as moot.  Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This 25th day of July, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge